**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CR-00316-JAR |
| ) | |
| DIRELL ALEXANDER, ) | |
| ) | |
| Defendant. ) | |

## ORDER REVOKING BOND

After notice to the parties, during the pre-trial conference on March 13, 2025, the Court considered whether Defendant violated the conditions of his bond by having contact with witnesses in this case. Based on clear and convincing evidence revealed over the course of several pre-trial proceedings since September 2024, the Court is compelled to revoke Defendant's bond and remand him into custody.

Defendant, a corrections officer for the City of St. Louis, is charged with violating the civil rights of an inmate by using unreasonable force against him. As a standard condition of bond, Defendant is prohibited from having any contact with potential witnesses in the case. (Doc. 10 ¶ 7(g)). At the time of his arraignment, Defendant reviewed his bond conditions with a pre-trial services officer and confirmed his understanding in writing. (Doc. 10 at 4). Thereafter, however, as detailed in the Government's third motion *in limine* (Doc. 97), Defendant requested witness statements from co-workers at the Justice Center, accessed and altered those statements in the Center's computer system, and directed his lawyer to forward the altered statements to counsel for the Government as discovery in this case.

After interviewing one such witness, the Government informed Defendant's then-counsel that the statements had been altered. Consequently, on the eve of the September 12 pre-trial conference, counsel advised the Court that an unwaivable conflict of interest had arisen, necessitating his withdrawal. The Court held a hearing in which counsel – an officer of the court – averred that Defendant sent him witness statements from co-workers to produce to the Government. The Court continued the trial date to allow the Government to investigate and ordered Defendant not to communicate directly or indirectly with any witness or potential witness regarding any matter related to this case. (Doc. 55, 56). Counsel later filed a motion to withdraw, which the Court granted. (Doc. 60, 61, 65).

Upon a finding of probable cause by the grand jury, the Government superseded the indictment to add charges of falsifying records and witness tampering. (Doc. 68). In connection with those charges, the Government served a subpoena on Defendant's former counsel, which Defendant moved to quash. At a hearing on that motion on March 10, 2025, counsel again stated that Defendant personally solicited co-workers' statements to support his defense. The Government has now advised the Court that it intends to dismiss the additional counts because a co-worker witness changed her expected testimony, causing the Court concern that some form of direct or indirect contact with witnesses remains ongoing.

Defendant has not denied the allegations. At the conference on March 13, Defendant's substitute counsel argued that Defendant did not intend to violate his bond conditions but misunderstood the parameters, believing that he could permissibly assist in his defense by personally gathering witness statements from co-workers. The Court finds this explanation neither credible nor relevant to the fundamental constitutional principle behind the condition. The prohibition against witness contact is essential to ensure the integrity of the judicial process. Any

contact whatsoever between a litigant and witness has the potential to influence testimony and thereby taint the process, ultimately undermining the administration of justice. The gravity of such a violation cannot be overstated.

Pursuant to 18 U.S.C. § 3148, a defendant who has violated a condition of his release is subject to a revocation of release, an order of detention, and a prosecution for contempt of court. Although the Government has not filed a motion for revocation, the Court is compelled to address the circumstances squarely before it and eliminate the risk of any further contact between Defendant and potential witnesses in this case. Based on the totality of the record, most notably the statements of Defendant's former counsel and the findings of the grand jury, the Court finds clear and convincing evidence that Defendant violated the conditions of his release by having contact with potential witnesses. § 3148(b)(1)(B).  The Court finds that Defendant is unlikely to abide by this condition if permitted to continue on release, particularly insofar as Defendant remains employed in the same facility as the witnesses in question. § 3148(b)(2)(B).

For the foregoing reasons, as more fully stated on the record,

**IT IS HEREBY ORDERED** that Defendant's bond is revoked, and Defendant is remanded to the custody of the United States Marshals Service pending the outcome of trial.

Dated this 13th day of March 2025.

*[signature: John A. Ross]*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

3